# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed March 14, 1893.

WILLIAM SILVERWOOD, EXECUTOR OF JOHN COGGINS,

VS.

SARAH PIPER ET. AL.

*William Daniel* for plaintiff.

*W. Frank Tucker*, *R.* G. *Keene* and *Rozier Dulaney* for defendants.

WICKES, J.—

The bill in this case is filed by William Silverwood, executor of the will of John Coggins, praying the Court to direct the distribution of a sum of money in his hands.

Very briefly stated, the facts are as follows:

In September, 1875, Charles Coggins, being indebted to the testator, executed a mortgage, in which his wife joined, in which he stipulated to pay the interest on the principal sum of $900 to the testator during his life, and if the widow survived him, then to his widow during her life, and after her death the principal was to be paid to the "legal representatives" of the said John Coggins.

Four years afterwards, Coggins executed a will, in which he devised to three of his children each a house in this city, and to his fourth child, a daughter, the mortgage in question, together with another mortgage for $750.

The contention on the one side is, that the mortgagee and testator, John Coggins, intended the $900 secured by the mortgage to be a gift to his children, or if not a gift, that the effect of the mortgage is to create the mortgagor a trustee for the benefit of his children, and that therefore the money is to be distributed to all the children and not paid to the daughter to whom it is specifically bequeathed by the will.

I cannot find the slightest force in the contention, that either a gift or

trust was intended by the mortgagee. There was no such declaring as to constitute a gift, and the mortgage is absolutely destitute of words creating a trust, except the provision that after the death of the mortgagee, his "legal representatives" shall be entitled to demand the principal sum. The usual form in a mortgage is "representative or assigns," and I do not see that the word "legal" changes the meaning so completely as is supposed in this case. The primary meaning of these words in a deed, is executor or administrator, and I can find nothing in the instrument which warrants any other construction.

It is scarcely necessary however to enter at length upon the inquiry suggested by this view of the case, for the reason that another principle of law, not referred to in the argument, is decisive of the rights of these parties.

The bill recites that the balance of the estate has been distributed, and that only this sum of $900 remains in the executors' hands. So that the two brothers and sister of the daughter to whom the mortgage was bequeathed, have elected to take, and have taken under the will. How then can they dispute that provision of the will which is the subject of consideration in this case?

The text book law is (I Jarman on Wills, 6 Ed., Ch. xiv, Star p. 415) "that he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it. If, therefore, a testator has affected to dispose of property which is not his own, and has given a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefit so given to him must make good the testator's attempted disposition, but if, on the contrary, he choose to enforce his proprietary rights against the testator's disposition, equity will sequester the property given to him for the purpose of making satisfaction out of it to the person whom he has disappointed by the assertion of these rights."

This doctrine is fully recognized and established in this State.

In McElfresh vs. Schley, 2 Gill 201, the Court said: "From the earliest case on the subject the rule is that a man shall not take a benefit under a will and at the same time defeat the provisions of the instrument. If he claims an interest under an instrument he must give full effect to it, so far as he is able to do so. He cannot take what is devised to him, and at the same time what is devised to another, *although but for the will it would be his;* hence he is driven to his election to say which he will take."

Again in 5 Md. 311 (Marriott vs. Badger), the Court held "the law will not permit him to take under the will and against it also, for if the will gives him a legacy *and likewise gives his property to another,* the doctrine of election will compel him to choose which he will have, but, he cannot take both."

In Barton vs. Mitchell, 40 Md. 161, the Court affirmed the doctrine to be that the principle of election "rests upon the equitable ground that no man can be permitted to claim inconsistent rights, with regard to the same subject, and that any one who claims an interest under an instrument is bound to give full effect to it as far as he can, &c." And in 68 Md. 376 (Albert vs. Albert), the preceding cases, are affirmed and the doctrine again repeated.

So that I think, the principle must be considered as fully established in this State, that a donee whether under a deed or will or any other instrument, who accepted the bounty of the donor, must in good conscience abide by the condition of the gift, and give full effect to the instrument, even though property which otherwise would be his, is given to another.

I am therefore of opinion that the parties claiming under the mortgage, having already accepted under the will, must now abide by their election, and have no standing in a Court of Equity to assert an inconsistent interest. The will must therefore prevail.

Entertaining the views already expressed touching the mortgage, I can perceive no good reason why the widow was not entitled to one-third of the debt secured by it, it being part of decedent's estate. She declined to ac-

cept under the will, and elected to take her dower interest in her husband's estate. I do not know upon what principle her rights can be set aside, in this their final distribution of the estate.

—*Decree accordingly.*